## Bellows v. Pa. & N. Y. Canal & R. R. Co., Appellant.

[Marked to be reported.]

*Negligence—Railroads—Master and Servant—Instruction.*

There is no duty upon the part of a railroad company to instruct a skilled and experienced engineer in the dangers of a locomotive which he is set to operate, where the new locomotive is of the same general character as the one to which he had been accustomed.

Plaintiff, a locomotive engineer, was injured while leaning out of the cab window, by his head coming in contact with the ironwork of a bridge. He had been in the employ of the defendant company as brakeman, fireman and engineer for about twenty years, and was familiar with the road and the bridge at which he was injured. There was no evidence that the roadbed and bridge were not properly constructed and in good repair. At the time of the accident, the defendant company had entered into an agreement to permit certain trains of another company to run over its road. Plaintiff was assigned to instruct the engineer of one of these trains as to the peculiarities of the road. The width of the cab on the engine on which

plaintiff usually ran was eight feet and six inches, while the width of the cab of the engine on which he was acting as pilot was nine feet. The space between the side of the cab of the latter engine and the ironwork of the bridge was about twenty inches, when the engine was at rest. This would be somewhat reduced by the swaying motion of the engine when pulling the train. Plaintiff was not notified of the width of the new engine. *Held*, that plaintiff was not entitled to recover.

Argued March 14, 1893. Appeal, No. 51, Jan. T., 1893, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1890, No. 479, on verdict for plaintiff, Erastus R. Bellows. Before GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries.

The facts appear by the opinion of the Supreme Court.

Defendants' point among others was as follows :

" 13. That under the circumstances of this case, the bridge that caused the accident having been in the same position for years, and well known to the plaintiff, the only difference in the engine used on this trip being an increased projection towards the side of the bridge of at most three inches and arm rests plainly to be seen by the engineer, there was no necessity on the part of the officers of the defendant company for previous warning and instruction. *Answer :* We refuse this point, but leave that question to you as to whether it was negligence on the part of the defendant to have placed this plaintiff upon this engine without giving him notice of the condition of the engine." [5]

Verdict and judgment for plaintiff for $12,000. Defendant appealed.

*Errors assigned* were (5) instructions, quoting them.

*W. T. Davies* and *Louis M. Hall, Henry Streeter* and *Guy H. Davies* with them, for appellant.—In an action by an employee against his employer, for injuries sustained while in such employment, negligence must be affirmatively shown and is not to be inferred from the fact of an accident.

The law recognizes no degrees of contributory negligence: Schuylkill Nav. R. R. v. Norton, 24 Pa. St. 465 ; C. R. R. v. Armstrong, 49 Pa. St. 193.

The railroad bridge in question was of the width in general

use on railroads, and defendant was guilty of no negligence in either its construction or its continued use.

Plaintiff had been running engines of the width of the one on which he was injured so long that he should have known its width, and how close it came to the bridges and other permanent structures along the track.

From the fact that Lehigh Valley engines to the number of fifteen or twenty were run over the road with cabs eight feet and eleven inches wide, plaintiff was bound to take notice that the width of engines varied and to govern himself accordingly, so that he might not be injured by being put on one of a slightly increased width.

That plaintiff had no right to rely upon so narrow a margin as three inches in making his observations has been expressly decided as to a brakeman when riding on top of a car: P. & C. R. R. v. Sentmeyer, 92 Ba. 276.

The rule requiring previous warning and instruction on the part of employers to employees is ordinarily only held to apply in the case of the employment of young and inexperienced persons to work among dangerous machinery, where the danger is latent: Rummel v. Dilworth, 131 Pa. 509; Melchert v. Brewing Co., 140 Pa. 448; Iron Ship Building Works v. Nuttall, 119 Pa. 149.

There is no obligation resting upon railroad companies to build its bridges high enough to clear the bodies of brakemen who are necessarily often on top of its cars, and brakemen when they do go on top of the cars must guard themselves from injury by such structures: Brossman v. L. V. R. R., 113 Pa. 490; Stoneback v. Thomas Iron Co., 17 W. N. 295; P. & R. R. R. v. Hughes, 119 Pa. 301; Owen v. N. Y. C. R. R., 1 Lansing, 108; Gibson v. Erie R. R., 18 Sickles, 449.

Employers are not bound to guarantee absolute safety; but are bound only to provide appliances that may be used in safety by the exercise of reasonable care on the part of the employee: P. & C. R. R. v. Sentmeyer, 92 Pa. 276; Rummel v. Dilworth, 111 Pa. 343; Brossman v. L. V. R. R., 113 Pa. 490; Allison Mfg. Co. v. McCormick, 118 Pa. 519; P. & R. R. Co. v. Hughes, 119 Pa. 301; Lehigh Coal Co. v. Hayes, 128 Pa. 294; Faber v. Carlisle Mfg. Co., 126 Pa. 387; Titus v. R. R., 136 Pa. 618 Diehl v. Lehigh Iron Co., 140 Pa. 487.

The true test as to whether the employer has furnished the employee with implements and appliances suitable for the employment is whether such implements and appliances are in general use : Iron Shipbuilding Works v. Nuttall, 119 Pa. 149; Lehigh Coal Co. v. Hayes, 128 Pa. 294; Titus v. R. R., 136 Pa. 618.

Plaintiff was guilty of contributory negligence : Butler v. Gettysburg etc. R. R., 126 Pa. 160; Mansfield Coal Co. v. McEnery, 91 Pa. 185; N. Y., L. E. & W. R. R. v. Lyons, 119 Pa. 324; Patterson on Railway Law, 373; Diehl v. Lehigh Iron Co., 140 Pa. 487; Russell v. Hutchinson, 15 W. N. 482; Melchert v. Smith Brewing Co., 140 Pa. 448; Diehl v. Iron Co., 140 Pa. 487; P. & C. R. R. v. Sentmeyer, 92 Pa. 276; Brossman v. L. V. R. R., 113 Pa. 490; Patterson on Railway Law, § 327, page 373; P. & R. R. R. v. Hughes, 119 Pa. 301 ; Gas Co. v. Robinson, 99 Pa. 4; Railway Co. v. Taylor, 104 Pa. 306; Mensch v. R. R., 150 Pa. 598.

*H. F. Maynard* and *William Maxwell,* for appellee.—Whether the width of the engine was the cause of the injury was a question of fact for the jury.

Whether plaintiff was or was not guilty of contributory negligence was properly submitted to the jury : P., W. & B. R. R. v. Stinger, 78 Pa. 219 ; Patterson on Railway Accident Law, §§ 6, 37 ; Murphy v. Crossan, 98 Pa. 495 ; Hydraulic Works Co. v. Orr, 83 Pa. 332 ; McIlvaine v. Lantz, 100 Pa. 586 ; Payne v. Reese, 100 Pa. 306 ; Born v. Plank Road Co., 101 Pa. 334 ; Harrisburg v. Saylor, 87 Pa. 216; King v. Thompson, 87 Pa. 365 ; Mallory v. Griffey, 85 Pa. 275 ; P. R. R. v. Fortney, 90 Pa. 323.

The points presented involved questions of fact that were disputed. These were therefore properly answered : P. R. R. v. Werner, 39 Pa. 64 ; P. R. R. v. White, 88 Pa. 329.

The court could not declare as matter of law, on the facts of this case, that the danger from which plaintiff suffered was one of the risks which he assumed when he accepted employment as an engineer on defendant's road : Rummell v. Dilworth, 111 Pa. 343 ; s. c., 131 Pa. 509 ; Fay v. Ry., 11 Am. & Eng. R. R. Cas. 193 ; Citizens Pass. Ry. of Pittsburgh v. Foxley, 107 Pa. 537 , Schum v. P. R. R., 107 Pa. 8 ; Arnold v. P. R. R., 115

Pa. 135 ; P. R. R. v. Peters, 116 Pa. 206 ; Schilling v. Abernethy, 112 Pa. 437 ; Neslie v. Second & Third St. Pass. Ry., 113 Pa. 300 ; Pass. Ry. v. Boudrou, 92 Pa. 481 ; McNeal v. Pittsburgh & W. Ry., 131 Pa. 184 ; Sweeney v. B. & J. E. Co., 101 N. Y. 520 ; Patterson on Railway Accident Law, 304, 309, 343 ; Vosburgh v. L. S. & M. S. Ry., 94 N. Y. 374.

The true test in our judgment is, admitting all the facts proved by the plaintiff to be true, with all the legal inferences properly and fairly to be drawn from these facts, would the court sustain a verdict for the plaintiff, and if the court would do that, then it was a case for the jury : Brossman v. L. V. R. R., 113 Pa. 490 ; P. & C. R. R. v. Sentmeyer, 92 Pa. 276.

Opinion by Mr. Justice Williams, October 2, 1893 :

The plaintiff had been in the service of the defendant company as brakeman, fireman and locomotive engineer, about twenty years when the accident that gave rise to this action happened. During this period he had been running regularly over the same line of railroad, and since its erection in 1874 had crossed the bridge near Athens, where this accident occurred, daily. He was therefore thoroughly familiar with the road, its grades, bridges, and whatever else it was important for an engineer to know in order that he might run trains over it with safety. In August, 1889, an arrangement existed by which certain trains of the New York, Lake Erie and Western Railroad Company were permitted to run over the defendant's line ; and the plaintiff was assigned to duty as a pilot upon some of these trains. His duties were to instruct the engineer of the train on which he was, in such things as were peculiar to the line of road, so as to qualify him to run the trains over it safely and to the best possible advantage. While returning from his fifth trip, made in this capacity, the engineer whom he was piloting seemed to be fatigued, and from Towanda north to Athens, the plaintiff relieved him by taking his place. As he entered the bridge at Athens he was leaning out of the cab window watching the train, and his head came in contact with the ironwork of the bridge and he was seriously hurt.

This action is brought to recover for the injury so received, on the ground that it was caused by the negligence of the defendant. The question now raised is whether there was evi-

dence of negligence sufficient to justify the submission of the
question to the jury. It is important therefore to ascertain
what act or omission of the defendant it is of which negligence
is affirmed. The track of the road seems to have been in good
order, at least no complaint is made of any defect or want of
repair in or about it. The bridge according to the testimony
was properly built, of a suitable width, and had been in con-
stant use for fifteen years. The defendant was familiar with
it, having crossed it habitually since its erection, and as fre-
quently as two hundred and seventy-nine times in a single year.
As to anything which the defendant company provided, there is
no allegation of defect or insufficiency in any particular, or
want of proper care for the safety of its employees. But it ap-
pears that the width of cab on the engine on which the plain-
tiff usually ran, which was a Lehigh Valley engine, No. 216,
was eight feet and six inches; and that the width of cab on
the Erie engine on which he was acting as pilot was nine
feet. This would reduce the space between the side of the cab
and the ironwork of the bridge by three inches on each side.
An actual measurement showed this space to be about twenty
inches when the engine having a cab nine feet wide was at rest.
This would be somewhat reduced by the swaying motion of the
engine when pulling the train; but the extent of this motion
could only be learned from the intelligent observation of a lo-
comotive engineer, made when his train was entering the bridge
at the usual rate of speed. The experience of the engineer
must therefore be relied on as the best guide on such a subject.
Now, the Erie engine on which the plaintiff was directed to
act as pilot, engine No. 549, seems to have been in good order
and repair. It is not denied that it was staunch, of the usual
build, and with the general style of cab in common use. The
only difference between it, and the engine which the plaintiff
called his own, was in the increased width of cab; and the
only basis on which a charge of negligence can rest is the
failure of the defendant to advise the plaintiff, when assigning
him to duty as a pilot, that the cab on the Erie engines was
six inches wider than that on which he usually ran. No case
has been cited on the argument which holds that the duty to
instruct a workman in the dangers of a machine which he is
set to operate, extends to a skilled and experienced workman

transferred from one machine to another of the same general character. We have held that a master who employs a young and inexperienced workman ought, before putting him in a dangerous employment, to explain the danger, to which he will be exposed, to him. The purpose of this is to give him, in the absence of experience of his own, the results of the experience and knowledge of others so that he may be able to protect himself from the perils of his employment. Rummel v. Dilworth, 131 Pa. 509; Iron Ship Building Works v. Nuttall, 119 Pa. 149. The plaintiff did not belong to this class. He was an experienced engineer, familiar with every object along the line over which he had been running, in one capacity or another, for twenty years; and because of his experience and his knowledge of the line, he had been selected for the duty to which he was assigned. He was to instruct the engineer on Erie engine No. 549 in all the physical peculiarities of the defendant's railroad, including its bridges and other structures, its grades and curves, so that he might be able to run over it with safety to himself and the trains under his care. The bridge was one of the objects to which the attention of his pupil was to be called. If the curve over which it was approached from the south communicated a swaying motion to the engine, so as to reduce the distance between the side of the cab and the bridge, and make greater care necessary in entering it, this was a danger which the plaintiff was in duty bound to point out to the Erie engineer. His knowledge of the bridge and the curve, and the results of his observation and experience at that point were among the things he was employed, and relied on, to communicate to others. He had successfully piloted an engineer into and through this bridge upon the same engine or one with the same breadth of cab, several times. He evidently knew what precautions should be taken, and had faithfully warned others, but for once he failed to employ the same precautions for his own safety and was hurt. The defendant company was guilty of no negligence. It did not even assign him to run the Erie engine. He was an expert, acting as such, and pointing out possible dangers to another. When he undertook to relieve his pupil he did more than was required of him, but he undertook no new work. He was an experienced engineer, running upon a line of road that he knew perfectly;

and if he failed to use the care which it was his duty to warn his pupil to use, in entering this bridge, he cannot complain of the defendant for his misfortune. This view of the case is conclusive upon the right of the plaintiff to recover. There was no evidence to submit to the jury upon the question of negligence on the part of the defendant and it was error to leave the question to them. The answer of the learned judge to the defendant's thirteenth point, which is made the subject of the fifth assignment of error, shows the single question which was left to the jury. He said : " We refuse this point, but leave the question to you, as to whether it was negligence on the part of the defendant to have placed the plaintiff upon this engine without giving him notice of the condition of this engine. The " condition " referred to is the additional width of cab, and the presence of arm rests in the cab windows. Of such changes in the style, size, or finish of the cab an experienced engineer is bound to take notice, as truly as a coachman is bound to take notice of the style, size, or finish of the carriage he is employed to drive ; or the boatman, of the style, size, and finish of the boat he is employed to row. No one can fail to feel sympathy for one suddenly disabled as the plaintiff has been, but our question is one of law, viz. : was there evidence to show that the defendant failed in its duty to its employee ? We are satisfied there was not. He was placed upon a safe engine in charge of its own engineer, to act as pilot. His duty was simply to point out all that a stranger needed to know to enable him to run over the ground safely. His knowledge of the road and his experience in running over it were what he was asked to communicate. This he no doubt did. As a pilot he conducted others with safety into and over this bridge. He knew the care that was necessary, but for once failed to exercise it in his own case.

The judgment is reversed.