Henry Fulford, Appellant, *v.* Lehigh Valley Railroad Company.

*Negligence—Railroad—Bridge—Engineer—Obvious danger.*

A locomotive engineer cannot recover damages from the railroad company which employs him, for injuries resulting from his head coming in contact with the side of a bridge, while he had his head out of the cab window to watch his train, where it appears that the engineer had frequently passed the bridge, although on narrower engines, and that the danger from protruding the head too far was obvious.

Argued March 18, 1898.   Appeal, No. 86, Jan. Term, 1898, by plaintiff, from order of C. P. Bradford Co., Sept. Term, 1896, No. 525, refusing to take off nonsuit.   Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before SEARLE, P. J., of the 34th judicial district, specially presiding.

At the trial it appeared that plaintiff was injured on the night of August 8, 1894, while employed as an engineer in running a freight train from Sayre to Falling Springs.   After passing a cut at East Towanda he looked out of the cab window of his engine to see if his train was together, and while so engaged he was struck on the left side of his head immediately over his ear by the edge of a plate on defendant's bridge over Laning creek, and seriously injured.   Plaintiff had prior to the accident made about fifty trips during six weeks, as engineer, over the bridge where the accident occurred, but on engines narrower in width than that which he was running on the night of August 8, 1894.   The evidence did not show the exact clearance between the cab of the engine in question, and the side of the bridge. One witness stated that it was less than a foot, another that it was more than a foot.   The appellee stated in its paper-book that the clearance was in point of fact twenty-two inches.

There was evidence that the usage of the company was to have a clearance of four feet between the tracks and the structures along the right of way, and that the company knew from the report of a roadmaster some years before that there was a less distance at the point of the accident.

The evidence for the plaintiff tended, on the whole, to show that the danger of protruding the head too far as the train approached the bridge, was obvious.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Rodney A. Mercur,* with him *William Maxwell,* for appellant.—If there be any fault in employing unsafe machinery, the master will be responsible for all injury to his servants in consequence: Weger v. Penna. R. R., 55 Pa. 465; O'Donnell v.

R. R., 59 Pa. 239; Gilman v. R. R., 10 Allen, 233; Patterson v. R. R., 76 Pa. 389; Pass. R. W. v. Bresmer, 97 Pa. 103; R. R. v. Keenan, 103 Pa. 124; Rummell v. Dilworth, 111 Pa. 349; Tissue v. R. R., 112 Pa. 91; Ross v. Walker, 139 Pa. 42; Hough v. Ry., 100 U. S. 213; R. R. v. Baugh, 149 U. S. 386; R. R. v. Mason, 109 Pa. 296; Kehler v. Schwenk, 151 Pa. 505; Woodward v. Shumpp, 120 Pa. 458; Lebbering v. Struthers, 157 Pa. 312; Neilson v. Coal and Iron Co., 168 Pa. 256; Penna. R. R. v. Zink, 126 Pa. 288; Trainor v. R. R., 137 Pa. 148; Murphy v. Ry., 115 Mo. 111.

Where the company has itself placed such structures so near the track as to be dangerous to its servants in the discharge of the duties assigned to them and an injury occurs from that cause without fault on the part of the servant injured, the liability of the company is fixed: Johnson v. Ry., 43 Minnesota, 53; Hall v. Ry., 16 Fed. Rep. 744; Hall v. Union Pac. Ry. Co., 16 Fed. Rep. 744; R. R. v. Russell, 91 Ill. 300; Pidcock v. Ry., 5 Utah, 612; Ferren v. R. R., 143 Mass. 197; Scanlon v. R. R., 147 Mass. 484; Babcock v. R. R., 150 Mass. 467; R. R. Co. v. Hines, 132 Ill. 161; R. R. Co. v. Welch, 52 Ill. 183; Nugent v. R. R., 80 Me. 62; Brossman v. Lehigh Val. R. R., 113 Pa. 490; Bellows v. R. R., 157 Pa. 51; Boyd v. Harris, 176 Pa. 484.

*Davies & Davies* and *Henry Streeter*, for appellee, were not heard, but in their printed brief said: Every employee is bound to take notice of a patent or obvious danger: Diehl v. Lehigh Iron Co., 140 Pa. 487; Devlin v. Phœnix Iron Co., 182 Pa. 109.

The plaintiff assumed the risk of all dangers incident to his employment against which he might protect himself by the exercise of ordinary observation and care: Sentmeyer v. R. R., 92 Pa. 276; Brossman v. R. R., 113 Pa. 490; Schall v. Cole, 107 Pa. 1.

Plaintiff was bound to take notice of the style and size of his engine: Bellows v. R. R., 157 Pa. 51: Boyd v. Harris, 176 Pa. 484.

As to appliances and machinery, the best obtainable are not required, but only such as are reasonably safe and in common use: R. R. v. Hughes, 119 Pa. 301; Rummell v. Dilworth, 111 Pa. 343; Boyd v. Harris, 176 Pa. 484.

PER CURIAM, April 4, 1898:

This appeal is from the refusal of the court below to take off the judgment of nonsuit ordered by the learned president of the 34th judicial district who specially presided at the trial.

Without referring specially to the testimony and the absence of evidence necessary to justify submission of the case to a jury, we are satisfied that there was no error in refusing to take off the nonsuit. The assignment of error is not sustained.

Judgment affirmed.