**Emma S. Fletcher and Samuel P. Fletcher, minor children of Thomas P. Fletcher, deceased, by their next friend, Emma C. Fletcher, *v.* Philadelphia Traction Company, Appellant.**

*Negligence—Street railway—Double track—Summer car—Master and servant—Death of conductor.*

In an action against a street railway company to recover damages for the death of a conductor, a verdict should be directed in favor of the defendant where the evidence shows that the deceased had been a conductor in the employment of the defendant for nine years on a double track railway; that at the time of the accident he was standing upon the running board of an open summer car pulling down the curtains during a thunder storm; " that he was struck and killed by a car on the other track;" that the distance between the two tracks was thirty-seven inches; that the deceased's experience had been in running closed cars, and that the company had given him no warning or instructions as to the open cars.

Argued Jan. 9, 1899. Appeal, No. 123, Jan. T., 1898, by defendant, from judgment of C. P. No. 4, Phila. County, June T., 1896, No. 814, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for death of plaintiffs' father.  Before WILLSON, J. The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiffs for $2,106.  Defendant appealed.

*Error assigned* among others was in refusing to give binding instructions for defendant.

*Thomas Leaming*, for appellant.—The defendant was under no duty to warn the deceased: Bellows v. Pa. & N. Y. Canal & R. R. Co., 157 Pa. 51; Fulford v. Lehigh Valley R. R., 185 Pa. 329.

*Edwin O. Michener*, with him *George W. Harkins*, for appellees.—One who is hired to perform a special work, but is sent to perform a different and more dangerous task, without being first informed of its danger or having an opportunity to notice it, may recover damages for an injury sustained : R. R. v. Sentmeyer, 92 Pa. 276 ; Brossman v. R. R. 113 Pa. 490; Ross v. Walker, 139 Pa. 48; Rummel v. Dilworth, 131 Pa. 509 ; O'Donnell v. R. R., 59 Pa. 239; Lewis v. Seifert, 116 Pa. 628 ; Wagner v. Jayne Chemical Co., 147 Pa. 479.

OPINION BY MR. JUSTICE DEAN, February 27, 1899 :

Thomas P. Fletcher, father of these minor children, the use plaintiffs, had been a street car conductor for nine years.  Up to July 27, 1895, he had run only closed cars, most of that time on defendant's Ridge avenue line, which has two tracks thirty-seven inches apart.  Defendant also operated the Eighteenth and Twentieth street line, which is double track on York street between Sedgely avenue and Twenty-second street; the distance between the tracks at that point is thirty-seven and one half inches.  About 5 o'clock in the afternoon of the day mentioned, the station master, Hargen, instructed Fletcher to take out an open summer car on the Eighteenth and Twentieth street line.  He assumed charge of the car and started on the trip; soon after, a violent thunder storm arose, and when York street was reached the rain was beating through the open car; Fletcher went out on the running board and commenced pulling down the curtains at the sides; just at that moment a

closed car passed him on the other track; there was a crash, the car stopped, and he was found upon the roadbed, killed; evidently, from the marks upon the body, he had been struck by the passing car.

The plaintiffs brought suit, alleging negligence on part of defendant in not warning Fletcher of the danger incident to the passage of an open and closed car on tracks only thirty-seven and one half inches apart, he having before that run only on closed cars, and having, as alleged, no previous knowledge of the danger, from experience or observation. The court below submitted the question of defendant's negligence to the jury, instructing them, that if they found as facts, that there was special danger from the nearness of the tracks at that point, which was increased by the greater width and arrangement of the open car, and that this danger, because of his inexperience, was unknown to Fletcher, then it was for them to say whether defendant was negligent in not warning Fletcher of the danger incident to his employment on an open instead of a closed car. There was a verdict for plaintiffs, and we now have this appeal by defendant, assigning for error the refusal of the court to peremptorily direct a verdict for defendants.

We think no authority in this state sustains the ruling of the court below. Many of our cases hold, that it is the duty of employers to warn young or inexperienced employees of dangers not obvious but incident to their employment, and that the failure to do so is negligence for which the employer is answerable: Brossman v. Railroad Co., 113 Pa. 490; Lewis v. Seifert, 116 Pa. 628; Rummel v. Dilworth, 131 Pa. 509; Wagner v. Chemical Co., 147 Pa. 479. But the deceased was neither young nor inexperienced; for nine years before his death he had been a conductor on a double track line for this same company. Concede, that he had never conducted an open car that necessitated walking on the running board along the outside, yet from his long experience he must have known the danger in passing another car on a wider one. The learned counsel for appellees, in their printed argument, state the inference more pointedly than we can, when they say: " The conductor's position on the closed car involves neither danger nor hazard of any kind, while that on the open summer car is one that—it is only stating a self-

evident proposition and a matter of every day observation—is one of difficulty and danger to the most experienced conductor, while to an inexperienced one it is fraught with constant and extraordinary peril." The inexperienced conductor is one new to the business and unaware of a danger not plainly noticeable; if the danger from an open car be a self-evident proposition, a matter of every day observation to those not engaged in the business, as argued by appellees, surely it must have been an obvious one to a conductor of nine years' experience on tracks where cars passed each other every few minutes; he knew the speed of the cars when passing in opposite directions, the narrowness of the space between the tracks, that to increase the width of the cars would increase the danger to the conductor passing along the running board. His knowledge must have been greater than that of the station master, for the latter conducted no kind of a car open or closed. And the knowledge of the danger, necessarily acquired from the servant's abundant opportunities for observation, constituted the experience; the means of avoiding it were as plain to one man as another, for they were only such as ordinary intelligence would suggest; in passing, he must keep off the running board or cling closely to the side of the car. In O'Keefe v. Thorn, 24 W. N. C. 379, it was held that the employer was not bound to instruct a boy of fourteen that he must not put his hand under a stamping machine which he was employed to run, because such an act was so plainly dangerous that a boy of sufficient intelligence to run the machine knew it as well as his employer. The case before us comes directly within the rule of Bellows v. Railroad Co., 157 Pa. 51. There, the plaintiff, a locomotive engineer, was placed on a new engine, the cab of which was six inches wider than the one on which he usually ran; he was not notified of the difference in width; in looking from the cab window his head struck the side of a bridge. We held there was no duty on the employer to notify an experienced engineer transferred from one machine to another of increased width, as of such fact he was bound to take notice. Fulford v. Lehigh Valley R. R. Co., 185 Pa. 329, was also a case where the width of the engine cab had been increased; the engineer was injured by a bridge, and brought suit for damages, averring negligence of his employer because of

failure to warn him of the change in width. Being nonsuited in the trial court, we affirmed the judgment.

We think the court below erred in not directing a verdict for defendant; therefore, the judgment is reversed, and judgment entered for defendant.