# Simmons, Appellant, *v.* Southern Traction Company.

207   589
.225   1389

*Negligence—Master and servant—Risk of employment.*

When an employee, after having an opportunity to become acquainted with the risks of his situation, accepts them, he cannot complain if subsequently injured by such exposure. By contracting for the performance of hazardous duties, he assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he has had opportunity to ascertain.

In an action by a motorman against his employer, an electric railway company, to recover damages for personal injuries, it appeared that plaintiff had been engaged for twenty-seven days in running extra cars, which were cars run between regular cars. At the time of the accident while plaintiff's car was on a single track, the trolley slipped from the wire, the car stopped, and its lights were extinguished. The plaintiff while attempting to replace the trolley, and while standing on the track back of his car was struck and injured by the car that followed it. The street was dark at the time. The plaintiff alleged negligence on the fact that the single track was operated without signals. *Held*, that plaintiff's injuries were a result of the risks of his employment, and that a nonsuit was properly entered.

Argued Nov. 4, 1903.   Appeal, No. 141, Oct. T., 1903, by plaintiff, from order of C. P. No. 1, Allegheny Co., June T., 1901, No. 649, refusing to take off nonsuit in case of James Simmons v. Southern Traction Company.   Before MITCH-ELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POT-TER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before BROWN, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Frank M. McKelvey*, with him *Joseph A. McDonald*, for appellant.—The principle is that where employees are subject to dangers which the employer ought to provide against, and an accident happens to an employee from a want of proper provisions against such dangers, the employer is liable: Pittsburg, etc., R. R. Co. v. Sentmeyer, 92 Pa. 276; Lehigh, etc., Coal Co. v. Hayes, 128 Pa. 294.

*James C. Gray*, with him *Clarence Burleigh*, for appellee.

OPINION BY MR. JUSTICE FELL, January 4, 1904:

The plaintiff was employed as a conductor on a branch of the defendant's road which extended from Pittsburg to the borough of Sheraden. There were two tracks on most of the branch road, but in the borough and in one or two other places there was only a single track. On the evening of the accident, the plaintiff was in charge of an extra car or tripper, which ran between regular cars. While the car was on the single track in the borough, the trolley slipped from the feed wire, the car stopped, and its lights were extinguished. The plaintiff got down on the track in order to replace the trolley, and while standing back of his car he was struck and injured by the car that followed it. He had been in the employ of the company, running extra cars on this part of the road, for twenty-seven days. The streets of the borough were lighted by electricity, but an arc light near the place of the accident happened not to be burning.

In support of his contention that proper appliances had not been furnished, the plaintiff made an offer to show that by the rules of the company only one car was allowed to be on the single track extension at a time, that no signal box or other appliance was placed at the end of the double track to warn motormen that the single track was occupied, and no schedule was in use for extra cars, and that signal boxes or other appliances were in general use and were necessary to avoid accidents where schedules failed to provide for such single track use. This offer was overruled and a nonsuit entered.

If the testimony offered had been admitted, it would not have made out a case entitling the plaintiff to go to the jury. Whatever danger there was in the use of the single track without

signals was obvious, and as fully known to the plaintiff before as after the accident; and the risk was voluntarily assumed by him. In Brossman v. Lehigh Valley Railroad Co., 113 Pa. 490, a brakeman who had been employed by the railroad company for six months, and whose duties required him to be on the top of box cars, was injured by striking a bridge which was only four or five feet above the tops of the cars. Others had been injured before in this way. In holding that there could be no recovery it was said: " When an employee, after having an opportunity to become acquainted with the risks of his situation, accepts them, he cannot complain if subsequently injured by such exposure. By contracting for the performance of hazardous duties, he assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he has had opportunity to ascertain." In Fulford v. Lehigh Valley Railroad Co., 185 Pa. 329, an engineer who had been employed on the road six weeks, was not allowed to recover where his injury was caused by striking his head against the side of a bridge which was dangerously near the side of the passing cab, and two or three feet nearer than was usual in the case of the other bridges on the road. To the same effect are the decisions in Bellows v. Pennsylvania, etc., Canal & Railroad Co., 157 Pa. 51, and Fletcher v. Philadelphia Traction Co., 190 Pa. 117. In the latter case, a conductor familiar with the road was killed while standing on the side step or running board of an open summer car, and engaged in putting down curtains during a thunder storm, by being struck by a car on the other track. The tracks were only thirty-seven inches apart, and the conductor's experience had been in running closed cars, and he had had no warning nor instruction as to open cars.

The judgment is affirmed.