[No. 19035. Department One. April 23, 1925.]

## H. E. FRIERMOOD, *Appellant*, v. OREGON-WASHINGTON RAILROAD & NAVIGATION COMPANY, *Respondent*.[1]

MASTER AND SERVANT (39)—INJURY TO SERVANT—NEGLIGENCE—RAILROAD CARS—ASSUMPTION OF RISKS—EVIDENCE—SUFFICIENCY. It is not negligence for a railroad company to use a caboose with a wide cupola, nor to fail to notify an experienced brakeman thereof and that he was expected to pass over instead of around the side of the cupola, where it appears that such type of caboose was in common use, the brakeman had had three years' experience, and had twice before gone out upon trains which carried that type of caboose.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered June 17, 1924, upon the verdict of a jury rendered by direction of the court, dismissing an action in tort. Affirmed.

*Plummer, Zent & Lovell*, for appellant.

*A. C. Spencer* and *Hamblen & Gilbert*, for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries claimed to have been caused by the negligence of the defendant. The cause came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendant made a motion for nonsuit, which was denied. When the evidence was all in, the defendant's motion for an instructed verdict was sustained and a judgment entered dismissing the action, from which the plaintiff appeals.

The appellant was a freight brakeman in the employ of the respondent railway company. On April 4, 1923, at about ten o'clock p. m., while in the line of his duties, he fell from the top of a caboose and sustained the

[1]Reported in 235 Pac. 17.

injury for which recovery is sought. The appellant was an experienced brakeman, having been engaged in that employment more than ten years. During the three years preceding the injury, he was employed by the respondent. At the time of the injury, a freight train was soon to leave Albina, Oregon, for The Dalles. There are two types of cabooses in general use, one with a narrow cupola, and on this one there is around the entire top thereof an iron rail. The place between the foot of the cupola and the edge of the top of the caboose is ten or twelve inches. A person going from the rear of the caboose to the front would pass along the edge, sustaining himself by taking hold of the iron rail. The other type of caboose has a wide cupola, with only a space of three or four inches between its base and the edge of the top of the caboose. On this cupola the iron rail does not extend clear along the sides thereof. It extends across each end and rounds the corners. The caboose with the wide cupola had been in use since 1913 and conformed to the rules prescribed by the interstate commerce commission.

The caboose from the top of which the appellant fell had a wide cupola. He went upon the top of the caboose at the rear end on a night that was dark and rainy, and in attempting to pass from the rear to the front along the narrow space at the side, and not knowing that the railing did not extend clear along the side of the cupola, when his hand reached the end of the rail he lost his balance and fell to the ground and was seriously injured. Prior to this time, the appellant had made two trips on a train to which this same caboose was attached, but testified that he had no occasion to go upon the top thereof and did not know that the iron rail did not extend clear along the sides of the cupola. In the case of the wide cupola, as the evidence shows, a person passing from the rear to the

front would pass over the top thereof and not attempt to go along the narrow space at the side.

The controlling question is whether the respondent company was guilty of negligence in not informing the respondent that the iron rail upon the cupola did not extend clear along the side.   In Elliott on Railroads, vol. 4 (3d ed.), § 1858, it is said:

"A person who accepts service as a brakeman on a railroad train assumes the ordinary risks of the service into which he enters."

In § 1832 of the same volume it is said:

"The general rule is that if the employer uses ordinary care to provide and to keep in reasonably safe condition, appliances of a kind that are in common use for the purpose, he is not guilty of negligence.   If he conforms to the ordinary usages of business and procures such appliances and machinery as are in common use, and exercises reasonable care to keep them in a reasonably safe condition, he is not ordinarily guilty of negligence, and if not guilty of negligence an injured employe has no right of action against him."

In *Dooner v. Delaware & H. Canal Co.*, 171 Pa. St. 581, 33 Atl. 415, it was held that a freight brakeman injured by falling from a car cannot hold the company liable on the ground that the car was not provided with grab irons and hand holds on the end of the car sufficient to prevent his fall, if there were steps, for the use of brakemen, so constructed as to answer the purpose of grab irons or hand holds, and such cars were in common use and were sufficient if used with ordinary care.

In *Bellows v. Pennsylvania & N. Y. Canal & R. Co.*, 157 Pa. St. 51, 27 Atl. 685, it was held that a railroad company was not negligent in failing to inform one of its experienced engineers, who had run over its road for many years, that the engine upon which he was injured

was several inches wider than the one he had been accustomed to handle.

In the present case, the appellant was an experienced brakeman, having been in that employment for a number of years. He had upon two occasions gone out with a train with the same caboose attached as the one from which he fell. The type of cupola complained of was in general use and, as stated, met the requirements of the interstate commerce rules.

Under the facts of this case, there was no question of negligence to be submitted to the jury, and the trial court properly directed a verdict.

The rule of that class of cases cited by the appellant which hold that the employer is negligent when he introduces, without notice to the employee, some new and unusual device or equipment involving an unexpected and unanticipated danger is not here applicable.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, BRIDGES, and ASKREN, JJ., concur.