## Masterson, Appellant, *v.* Eldridge.

*Negligence—Master and servant—Risk of employment.*

When an employee after having the opportunity of becoming acquainted with the risks of his situation accepts them, he cannot complain if subsequently injured by such exposure. By contracting for the performance of hazardous duties he assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he has had an opportunity to ascertain.

In an action by an employee against his employer to recover damages for personal injuries sustained while operating a buzz saw, binding instructions for defendant are properly given, where the evidence shows that the plaintiff had operated the saw for many years; that up to the day of the accident he was entirely satisfied with the condition of the saw;

that on the day of the accident the saw began to jump and plaintiff sent word to defendant who at once went to the place with a skilled mechanic who found what caused the jumping, and proceeded to correct it; and that both plaintiff and defendant were then satisfied, the former went away, and the latter continued his work, and the accident occurred.

Argued Feb. 12, 1904.    Appeal, No. 7, Jan. T., 1904, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1903, No. 49, on verdict for defendant in case of Thomas Masterson v. T. Clarkson Eldredge.    Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before HEMPHILL, P. J.

The circumstances of the accident are quoted in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Thomas W. Pierce*, for appellant.—The case was for the jury : Wagner v. Jayne Chemical Co., 147 Pa. 475 ; Patterson v. Pittsburg & Connellsville R. R. Co., 76 Pa. 389 ; Young v. Mercantile Steam Laundry Co., 198 Pa. 553 ; Sopherstein v. Bertels, 178 Pa. 401 ; Cougle v. McKee, 151 Pa. 602 ; Fisher v. Hart, 149 Pa. 232 ; Skelley v. Crutchfield, 17 Pa. Superior Ct. 198 ; Reese v. Clark, 198 Pa. 312.

*I. Newton Wynn* and *William M. Hayes*, with them *J. Carroll Hayes*, for appellee, cited : Green, etc., St. Pass. Ry. Co. v. Bresmer, 97 Pa. 103 ; 1 Shearman & Redfield on Negligence (5th ed.) sec. 185 ; Cisney v. Penna. Sewer Pipe Co., 199 Pa. 519 ; Marsden v. Haigh & Co., 14 W. N. C. 526 ; Bemisch v. Roberts, 143 Pa. 1 ; Gropp v. Carnegie Steel Co., 4 Pa. Superior Ct. 621 ; Fick v. Jackson, 3 Pa. Superior Ct. 378 ; Wannamaker v. Burke, 111 Pa. 423 ; Phila. & Reading R. R. Co. v. Hughes, 119 Pa. 301.

OPINION BY MR. JUSTICE THOMPSON, February 29, 1904:
The injury for which appellant brought suit to recover dam-

ages in this case occurred to him while operating a circular saw used to saw wood in the wood and coal yard belonging to appellee. The appellant had been in such employment as superintendent or foreman of the yard in question for a period of eighteen or nineteen years and used during that period the machine in question. Both the appellant and the appellee were about the machine during the day, generally in the morning when the engine started. On the morning of the accident the appellant observed by its jumping that the machine was not working right, and so notified appellee and requested him to come to the coal yard. He accordingly went there with a skilled mechanic, who used appliances to put the machine in order. When he had finished appellee said to appellant, "Now, Tom, I guess everything is all right, we will start up again," and this was done. Shortly after this appellant's hand was caught and the result was the accident averred in this action.

The mechanic testified that he went down to the coal yard on the day of the accident just before it occurred. That in the presence of both parties he spoke of the lost motion in the feeding table used with the saw and that the jumping of the saw was caused by it not being round and that he razeed it off. That he told the appellant that it needed razeeing and that he accordingly did so. That appellant was present when appellee told him to make the repairs and that he accordingly did so. He also testified that it was not necessary that the feeding table should move parallel with the saw, because it could be used as it was without anybody being hurt. That it was gradually becoming looser and that anybody taking hold of it would at once know that it was loose. It was also in evidence that on one occasion it was proposed to change the table and the appellant had stated that that one was good enough, that he had been running it for several years, that it was not out of order and that it did not need any repairs. On one occasion when the appellant was spoken to about the table being loose he stated that he did not want it tightened up because it made it push up that much harder. That it was not loose enough to be dangerous at all, and that he did not want it tightened up on account of it being harder to push.

There can be no dispute as to the material facts of this case and certainly none as to the logical inference to be drawn from

them.   The condition of the saw and of the table was manifest to the appellant.   He had operated the machine for a long period of time and up to the day of the accident was entirely satisfied with it.   On that day when the saw began to jump he sent word to the appellee who at once went to the place with a skilled mechanic who found what caused the jumping and proceeded to correct it.   When he had finished his work both the appellee and appellant were satisfied with it.   The former went away and the latter continued his work and the accident occurred.   The evidence in this case clearly established an obvious risk and one incident to the employment.   The obvious risk incident to a buzz saw is so manifest that it has found expression in a banal but almost axiomatic phrase that indicates most forcibly the perils encountered by a familiarity with it and strongly suggests the need of extreme caution on the part of any one who might be near such a machine.   The appellants' knowledge of such obvious risk extended over the period of many years.   The risk was an incident of his employment and assumed by appellant.

The rule in such a case is stated by Mr. Justice McCollum in Nuss v. Rafsnyder, 178 Pa. 397, as follows : " When an employee after having the opportunity of becoming acquainted with the risks of his situation accepts them, he cannot complain if subsequently injured by such exposure.   By contracting for the performance of hazardous duties he assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he has had an opportunity to ascertain."

The appellee did not fail in any duty that he owed his employee, the appellant.   As soon as he was informed that the saw was jumping he employed a skilled mechanic to put it in order and the work done by him was satisfactory to both parties and after that the continuing obvious risk was assumed by the appellant and therefore he was not entitled to recover.

The assignment of error that the learned trial judge erred in directing a verdict for appellee is not sustained and the judgment is affirmed.