Julia Corcoran, Appellant, *v.* John Wanamaker, Thomas B. Wanamaker and Robert C. Ogden, trading as John Wanamaker.

*Negligence—Use of acids in laundry—Evidence—Nonsuit.*

In an action against the proprietors of a laundry by an employee to recover damages for loss of eyesight alleged to have been caused by fumes created by the use of acids, a nonsuit is properly entered where there is no evidence that the defendants had any knowledge that the use of the acids complained of would produce the disease from which the plaintiff suffered, and there is no proof that it was not customary to use acids in laundries in the same manner and proportions as they were used in the laundry business conducted by the defendants.

Argued March 31, 1898. Appeal, No. 12, Jan. T., 1898, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1896, No. 925, refusing to take off nonsuit. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial it appeared that the plaintiff, a girl eighteen years old, was employed in the defendants' laundry as a plain ironer. There was evidence that the defendants used in their laundry oxalic and sulphuric acids and chloride of lime. Plaintiff claimed that about three months after her first employment, she was set at work over a hot mangle; that she temporarily returned to plain ironing; that she was subsequently put to work again on the mangle, and that while she was at work at the mangle, her eyes became affected by fumes from the acids and chloride of lime, and that in consequence she subsequently lost her sight. There was no evidence that the defendants knew that the acids complained of would produce the disease from which the plaintiff suffered, or that it was not customary to use acids in laundries in the same manner and proportions as they were used in defendants' laundry. The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*J. Martin Rommel*, for appellant.—The case is precisely parallel with that of Wagner v. Jayne Chemical Company, 147

Pa. 475, which was also a suit brought for damages sustained by the inhalation of fumes : Rummell v. Dilworth, 111 Pa. 343 ; Lebbering v. Struthers, Wells & Co., 157 Pa. 323 ; Rummell v. Dilworth, 131 Pa. 509 ; Bannon v. Lutz, 158 Pa. 174 ; Dooner v. Canal Co., 171 Pa. 603 ; Tissue v. R. R., 112 Pa. 91.

*W. L. Nevin,* and *P. F. Rothermel, Jr.,* for appellees.—The master is not liable for an injury sustained by his servant where the danger is of such a character that it could not be ascertained by him in the exercise of reasonable care and prudence : Schall v. Cole, 107 Pa. 1 ; Titus v. Bradford, etc., R. R. Co., 136 Pa. 626.

PER CURIAM, April 11, 1898 :

There is no evidence that the defendants had any knowledge that the use of the acids complained of would produce the disease from which the plaintiff suffered, and there was no proof that it was not customary to use acids in laundries in the same manner and proportions as they were used in the laundry business conducted by the defendants. The case was therefore destitute of the evidence necessary to establish the charge of negligence without which there could be no recovery.

Judgment affirmed.