Purdy *v.* Westinghouse Electric and Manufacturing Company.

197    257
19 SC ¹470

*Negligence—Master and servant—Suitable appliances.*

Absolute safety is unattainable and employers are not insurers. They are liable for the consequences not of danger but of negligence, and the unbending test of negligence in methods, machinery and appliances is the ordinary usage of business. No man is held by law to a higher degree of

skill than the fair average of his profession or trade, and the standard of due care is the conduct of the average prudent man. The test of negligence in employers is the same, and however strongly they may be convinced that there is a better or less dangerous way, no jury can be permitted to say that the usual and ordinary way commonly adopted by those in the same business is a negligent way for which liability shall be imposed.

In an action by a workman against his employer to recover damages for personal injuries caused by the explosion of a barrel containing castings, but which had originally contained some explosive material, a nonsuit is properly entered where it appears that the defendant had no knowledge that the barrel was explosive, or that the barrel was in any way unsuitable for its use for castings, and it appears that the immediate cause of the explosion was the striking of a match by another workman who was examining the barrel with the plaintiff.

Argued Oct. 23, 1899. Appeal, No. 21, Oct. T., 1899, by plaintiff, from order of C. P. No. 3, Allegheny Co., May T., 1897, No. 5, refusing to take off nonsuit in case of Samuel Purdy v. Westinghouse Electric and Manufacturing Company. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Trespass for personal injuries.

The facts appear by the opinion of the Supreme Court.

At the trial the court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Rody P. Marshall,* with him *Thomas M. Marshall,* for appellant.—Where a master places the entire charge of his business or a distinct branch of it in the hands of an agent, exercising no discretion and no oversight, the neglect by the agent of ordinary care in supplying and maintaining suitable instrumentalities is a breach of the duty for which the master is liable: Mullan v. Philadelphia & Southern Mail Steamship Co., 78 Pa. 25; Frazier v. Penna. R. Co., 38 Pa. 104; Tissue v. B. & O. R. R. Co., 112 Pa. 91; Wagner v. H. W. Jayne Chemical Co., 147 Pa. 475.

Even though the injury in this case was one which might be considered improbable, yet that fact would not relieve the defendant company. It was responsible for "whatever conse-

quences might in the nature of things occur from its neglect, although these consequences were such as could not by any ordinary prudence have been anticipated." The accident in this case was a consequence of the act of the defendant and it was responsible therefor: Oil City Gas Co. v. Robinson, 99 Pa. 1; Pittsburg City v. Grier, 21 Pa. 54; Raydure v. Knight, 2 W. N. C. 713; Bell v. McClintock, 9 Watts, 119.

This case is almost exactly parallel with Oil City Gas Co. v. Robinson, 99 Pa. 1, and Tissue v. B. & O. R. R. Co., 112 Pa. 91.

*George B. Gordon,* with him *John Dalzell* and *Willliam Scott,* for appellee, cited Allison Mfg. Co. v. McCormick, 118 Pa. 519, Augerstein v. Jones, 139 Pa. 183, Melchert v. Smith Brewing Co., 140 Pa. 448, and Dooner v. Del. & Hudson Canal Co., 171 Pa. 581.

OPINION BY MR. JUSTICE McCOLLUM, October 8, 1900:

The plaintiff instituted this suit for the purpose of obtaining compensation for an injury which he alleged he received through the negligence of the defendant company. On the trial of the case the court, adjudging the testimony introduced to establish his claim insufficient, entered a judgment of compulsory non-suit. The plaintiff then moved the court in banc to take it off, which motion upon hearing had, was denied. This appeal was the result of the denial.

The plaintiff testified that he was a common laborer employed by the defendant company to work in its store room. The principal part of the work in which he was engaged was the receiving and arranging of its goods in accordance with instructions. On the day he received the injury of which he complains, he with a fellow workman, was employed in receiving castings brought in barrels from Newark to East Pittsburg. The barrels were obtained by the defendants' purchasing agent from Walsh " who was a dealer in second-hand barrels. They had originally contained oil, alcohol, turpentine, benzine, whisky and other things." The purpose of the purchasing agent was to obtain any kind of strong barrel that would hold from 500 to 700 pounds of castings. About 100 barrels of this description were purchased by the agent and used in the removal of the castings as above stated.

The injury received by the plaintiff was caused by an explosion of a barrel he and Dugan were inspecting for the purpose of discovering the number upon it. According to the plaintiff's own testimony the barrel was in a place " that was nearly all the time dark." To the question, " Did some person strike a match?" his answer was, " I couldn't say that he did." Duffy, however, testified that he saw Purdy and Dugan with their heads together down against the barrel, in a stooping position ; that he saw Dugan take a match in his hand and light it, and that the lighting of the match was immediately followed by the explosion. This testimony is uncontradicted and no one questions the accuracy of it. There is no testimony in the case which shows that the defendant company or any other person connected with it knew that the barrels used as above stated were under any circumstances explosive ; nor is there any testimony showing that such barrels are not commonly and ordinarily used for such purposes at manufactories, or that they are in any way unsuitable for such use. It seems, therefore, that the testimony introduced in support of the plaintiff's claim was justly held by the court below to be insufficient to charge the defendant company with negligence.

To be relieved from liability for injuries received by a servant from the use of defective materials, the master is not required to supply the best materials known, or to subject such as he does supply to an analysis to determine what hazard may be incurred in their use : Allison Mfg. Co. v. McCormick, 118 Pa. 519 ; Augerstein v. Jones, 139 Pa. 183 ; Melchert v. Smith Brewing Co., 140 Pa. 448 ; Dooner v. Del. & Hudson Canal Co., 171 Pa. 581. From the opinion of our Brother MITCHELL in Titus v. Bradford, etc., R. R. Co., 136 Pa. 626, we quote the following as relevant to the case at bar : " Absolute safety is unattainable, and employers are not insurers. They are liable for the consequences, not of danger but of negligence, and the unbending test of negligence in methods, machinery and appliances is the ordinary usage of the business. No man is held by law to a higher degree of skill than the fair average of his profession or trade, and the standard of due care is the conduct of the average prudent man. The test of negligence in employers is the same, and however strongly they may be convinced that there is a better or less dangerous way, no jury can be permitted

to say that the usual and ordinary way commonly adopted by those in the same business is a negligent way for which liability shall be imposed."

Many cases analogous to those already cited might be referred to or included herein, but it is not thought to be necessary or of material importance to note the numerous decisions in accord with the case to which reference has been made above.

We have examined and considered all the cases referred to in the plaintiff's printed argument and are not convinced that they rule the case in hand.

Judgment affirmed.