# Cracraft *v.* Bessemer Limestone Company, Appellant.

*Negligence—Master and servant—Risk of employment—Obvious danger—Contributory negligence—Buzz saw.*

While it is the duty of an employer to give information to an employee, as to the particular perils and dangers of the service in which he is engaged, this duty does not require warning against such dangers as are the subject of common knowledge, or are open and apparent to ordinary observation.

The owner of a sawmill is under no duty to instruct a workman over twenty years of age who has worked for more than four months in the mill, as to the danger of letting his hand come in contact with a circular saw, where the operation of the saw is open and visible, and the danger obvious. ·

Argued Oct. 18, 1904.   Appeal, No. 123, Oct. T., 1904, by defendant, from judgment of C. P. Lawrence Co., March T., 1903, No. 43, on verdict for plaintiff in case of Louis Cracraft v. Bessemer Limestone Company.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before WALLACE, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $1,800.   Defendant appealed.

*Error assigned*, among others, was in refusing binding instructions for defendant.

*Robert K. Aiken*, for appellant.—The employer is not responsible for injuries to adults; nor for injuries to young persons who have had that experience from which knowledge of danger may reasonably be presumed, and that discretion which prompts to care: Rummel v. Dilworth, 131 Pa. 509; Tagg v. McGeorge, 155 Pa. 368; Melchert v. Brewing Co. 140 Pa. 448; Fletcher v. Traction Co., 190 Pa. 117; Ship-Building Co. v. Nuttall, 119 Pa. 149; Ash v. Verlenden, 154 Pa. 246; Allison Mfg. Co. v. McCormick, 118 Pa. 519; Sheetram v. Trexler Stave &

Lumber Co., 13 Pa. Superior Ct. 219 ; Ford v. Anderson, 139 Pa. 261; Masterson v. Eldridge, 208 Pa. 242; Nuss v. Rafsnyder, 178 Pa. 397 ; McIntyre v. Steel Foundry Co., 208 Pa. 34 ; Fick v. Jackson, 3 Pa. Superior Ct. 378 ; Reese v. Clark, 146 Pa. 465 ; Lehigh, etc., Coal Co. v. Hayes, 128 Pa. 294; Higgins v. Fanning, 195 Pa. 599.

The plaintiff was guilty of contributory negligence : Kehler v. Schwenk, 144 Pa. 348 ; Greenway v. Conroy, 160 Pa. 185 ; Ford v. Anderson, 139 Pa. 261 ; Zum v. Tetlow, 134 Pa. 213.

*A. W. Gardner,* with him *B. A. Winternitz,* for appellee.— The evidence in this case as to the negligence of the defendant and the alleged contributory negligence of the plaintiff is conflicting, and could not be determined by the court as a matter of law, and these questions were necessarily for the exclusive determination of the jury: Reese v. Clark, 198 Pa. 312 ; Williams v. Clark, 204 Pa. 416 ; Patterson v. R. R. Co., 76 Pa. 389.

Where the master voluntarily subjects his servant to dangers such as in good faith he ought to provide against, he is liable for any accident arising therefrom : Reese v. Clark, 198 Pa. 312 ; Kehler v. Schwenk, 151 Pa. 505 ; Patterson v. Pittsburg, etc., R. R. Co., 76 Pa. 389; Garrity v. Penna. Casting, etc., Co., 17 Pa. Superior Ct. 623 ; Giles v. Jones & Laughlins, 204 Pa. 444.

Before putting an inexperienced employee in charge of dangerous machinery, with the use of which he is unacquainted, it is the positive duty of the employer to instruct and properly qualify him for such new service : Lebbering v. Struthers, 157 Pa. 312 ; Neilson v. Hillside Coal & Iron Co., 168 Pa. 256 ; Smith v. Coal & Iron Co., 186 Pa. 28 ; Stapleton v. Traction Co., 5 Pa. Superior Ct. 253.

Where the servant shows that the injury he received was in consequence of an increased risk,—one not ordinarily incident to the employment—growing out of the master's negligence,— the burden of the proof is upon the master to show that the servant knew of and understood the increased danger : Nadau v. White River Lumber Co., 76 Wis. 120 (43 N. W. Repr. 1135) ; Rummel v. Dillworth, 111 Pa. 343 ; Rummel v. Dilworth, 131 Pa. 509.

OPINION BY MR. JUSTICE POTTER, November 4, 1904:

Generally speaking, the duty of an employer to give information to an employee, as to the particular perils and dangers of the service in which he is engaged, is unquestioned. But this duty does not require warning against such dangers as are the subject of common knowledge, or are open and apparent to ordinary observation. In the present case, the plaintiff, more than twenty years of age, had been employed in the sawmill of the defendant for more than four months previous to the accident. The saw in use, was a large circular saw, the lower part of which revolved in a pit in the ground. In the bottom of the pit, and beneath the saw, was a sawdust carrier that conveyed the sawdust from under the saw to the outside of the building. The sawdust as it came from the saw, was confined by, and fell through, an open bottomed box, shaped like a hopper, smaller at the bottom than at the top. This box surrounded and closed in the saw. At times the box would choke up with sawdust and bark, and it was necessary to open a door in the side of the box and punch out the obstructions. The lower edge of the saw was about five inches above the top line of the door, so that one who was reaching in the door would be below the edge of the saw and would not touch it unless by reaching upward. It was customary to use a wooden stick about twenty inches long to punch out the bark and sawdust. It was only necessary to do this at intervals. The plaintiff was engaged in cleaning out this box, and while so doing allowed his hand to come in contact with the saw, and received the injury for which he here seeks to recover damages. He based his right to recover upon the ground that he had not been sufficiently warned by his employer of the danger of cleaning out the box. If there is any piece of machinery which is obviously dangerous, and which carries its own warning to keep away from it, it is a circular saw. To the ordinary mind it stands as a symbol of danger. Nothing is more proverbially dangerous to those who come in contact with it. Surely the plaintiff, who was of an age and a degree of physical and mental capacity to warrant the presumption that he could perform the simple duties required of him, did not need to be warned against touching the saw with his hand. That he appreciated the danger is shown by the fact that he used the

stick with which to clear out the obstructions in the box.    As the trial judge said to the jury, the defendant was not bound to tell the plaintiff that if he put his hand against a buzz saw it would cut it off.    Nor was it required to point out to him the numberless ways in which it would be possible for him to come in contact with the saw and receive injury.

The plaintiff does not say that he did not know the danger, but he says that he used the stick to punch out the bark, and that the stick caught in the saw and drew his hand against the saw.

The accident was therefore the direct result of the careless manner in which the plaintiff handled the stick.    What possible instructions could have been given to plaintiff except to warn him not to allow his hand to come in contact with the saw ?    He knew it was there, for it was right before his eyes; only the bottom part of the saw revolved in the box.    He knew that the act of punching the bark and sawdust out of the box involved approaching the edge of the saw, for he took the stick in his hand in order that he might keep his hand at a safe distance.    The most ordinary degree of care and prudence would have enabled the plaintiff to discover the danger which would result from his hand touching the saw, and he was therefore bound to apprehend it, and avoid it, by keeping his hand at a safe distance.    He was not a child and was apparently of sufficient physical and mental ability to perform the duties of his position.    As this court said in Fletcher v. Phila. Traction Co., 190 Pa. 117, "The knowledge of the danger, necessarily acquired from the servant's abundant opportunities for observation, constituted the experience; the means of avoiding it were as plain to one man as another, for they were only such as ordinary intelligence would suggest." We can see nothing in the evidence which justified the submission of this case to the jury.

We think the court below erred in not directing a verdict for the defendant; therefore the judgment is reversed and is here entered for the defendant.