# Eisenberg, Appellant, v. Fraim.

*Negligence—Master and servant—Infant—Instruction by master—Nonsuit.*

The dangers of which it is the duty of the employer to give warning to an employee are not those that are subjects of common knowledge or apparent to ordinary observation.

In an action to recover damages for personal injuries, it appeared that the plaintiff, a boy fifteen years of age, employed at the defendants' works, was at his own request transferred from the drill room to the press room to operate a machine used to punch metal plates. The plunger of this machine was held by a clutch which was opened by the operator's placing his foot on the treadle. When the clutch was opened, the plunger dropped on the plate, and was then drawn back to its position where it was caught and held in place by the clutch. While the clutch was held open by pressure on the treadle, the plunger would continue to go up and down, and it was therefore necessary that the operator should remove his foot from the treadle after each drop of the punch. The plaintiff on the second day of his employment at the machine failed to remove his foot from the treadle and his fingers were injured by the plunger. The plaintiff had been instructed by a foreman how to operate the machine and he knew all about it. *Held,* that the plaintiff was guilty of contributory negligence, and that a nonsuit was properly entered.

Argued May 14, 1906. Appeal, No. 4, Jan. T., 1906, by plaintiff, from order of C. P. Lancaster Co., Aug. T., 1904, No. 136, refusing to take off nonsuit in case of Mosheh W. Eisenberg by his father and next friend, Abraham Eisenberg, and Abraham Eisenberg v. Edward T. Fraim, Proprietor of the Keystone Lock Works. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HASSLER, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*C. E. Montgomery,* for appellants.

*Coyle & Keller,* for appellee.

PER CURIAM, May 24, 1906:

The plaintiff, a boy fifteen years of age, employed at the defendant's works, was at his request transferred from the drill

room to the press room to operate a machine used to punch metal plates.   The plunger of this machine was held by a clutch which was opened by the operator's placing his foot on the treadle.   When the clutch was opened, the plunger dropped on the plate, and was then drawn back to its position where it was caught and held in place by the clutch.   While the clutch was held open by pressure on the treadle, the plunger would continue to go up and down, and it was therefore necessary that the operator should remove his foot from the treadle after each drop of the punch.   The plaintiff on the second day of his employment at the machine failed to remove his foot from the treadle and his fingers were injured by the plunger.

The plaintiff had been instructed by a foreman how to operate the machine and he knew all about it.   His injury was not caused by a latent danger as to which he had not been warned but by his inattention and negligence in failing to do what he knew he should do.   He was not told to remove his foot from the treadle when the plunger fell, but he was shown that that was the way to operate the machine, and he knew that pressure on the treadle opened the clutch and that while the latter was open the plunger would continue in motion.   The dangers of which it is the duty of an employer to give warning to an employee are not those that are subjects of common knowledge or apparent to ordinary observation : Cracraft v. Bessemer Limestone Co., 210 Pa. 15.

The judgment is affirmed.