# Roszina, Appellant, *v.* Howard Gas Coal Company.

*Negligence—Master and servant—Inexperienced employee—Duty to instruct—Coal cutting machine—Evidence—Exclusion—Reversible error.*

1. The duty of a master to instruct an inexperienced employee in

the use of dangerous machinery is personal and nothing but performance can relieve the master; if the duty is delegated to another the master still remains responsible for its proper performance by such person.

2. The master is not required to give warning against such dangers as are open and apparent to the ordinary observer and the subject of common knowledge.

3. Where in an action against a coal mining company to recover damages for the death of plaintiff's husband, resulting from injuries sustained while operating a coal cutting machine, it appeared that deceased was inexperienced in the operation of such machines, that he was a foreigner who had been in defendant's employ but two months and had been at work on such machine but four and a half days, during which time the only instruction he received was from the machine boss, who did not speak decedent's language, and who visited and remained at the machine from but fifteen to thirty minutes several times a day, the court erred in entering a compulsory nonsuit and in rejecting plaintiff's offers to prove the dangers incident to the operation of such machines and the extent of the instruction and training necessary, and that the instruction given deceased was insufficient.

Argued Sept. 30, 1915. Appeal, No. 119, Oct. T., 1915, by plaintiff, from final order of C. P. Westmoreland Co., April T., 1913, No. 205, refusing to take off nonsuit in case of Katerin Roszina v. Howard Gas Coal Company, a corporation. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's husband.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit which the court subsequently refused to take off. Plaintiff appealed.

*Errors assigned* were rulings on evidence and in refusing to take off the nonsuit.

*George C. Bradshaw,* with him *P. K. Shaner* and *Thomson & Bradshaw,* for appellant.

*Robert W. Smith,* with him *Ralph D. Hurst* and *James S. Moorhead,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 3, 1916:

This is an action to recover damages for the death of plaintiff's husband who was killed by being caught in the cutter-bar of a coal mining machine which he was operating as an employee of defendant. The act of negligence pressed at the trial was the failure of defendant to give deceased proper instruction in the use and operation of the machine. The lower court at the conclusion of plaintiff's testimony entered a compulsory nonsuit assigning as reason therefor that the danger of the employment was so obvious that special instruction from the master was unnecessary. A motion to take off the nonsuit was duly made and refused and from the judgment entered thereon plaintiff appeals assigning for error the refusal of the trial judge to permit the introduction of evidence to prove the time necessary to properly instruct a minor in operating a machine of the kind which caused the injury to her husband. The machine in question was driven by electric power, and was equipped with a long cutting-bar on which was operated an endless chain with small picks or cutters attached. Deceased was in charge of the machine for four and a half days before the accident, and had worked as a scraper at a punching machine and also at a cutting machine as an assistant or scraper for a week or two before being placed in charge of the one upon which he was working at the time of receiving the injury which caused his death. Deceased came to the United States about two months previous to the time of the accident and since coming here was employed by defendant in and about its mines. He understood very little English and the machine boss was unable to speak his language. A cutting machine weighs between 2,000 and 2,500 pounds and is operated by two men; the one in charge is called the cutter and the other a helper or scraper. It is transported from one room to another in

the coal mine on an electric truck or motor which serves two purposes: First, as a means to transport the machine from place to place, and, second, to drive the cutter when in position for mining coal. To operate the machine it must be removed from the truck and placed with the cutter-bar against the wall of the mine. It then moves across the room when power is applied and under cuts the coal in place making its removal less difficult. When the cutting is completed at one location the machine is remounted on the truck by the cutter with the help of the scraper and removed to another place where the coal cutting operation is repeated. Deceased's injuries were received while engaged with his helper in attempting to replace the machine while in motion on the motor truck and in so doing his foot accidentally came in contact with the cutter-bar, which drew him into the machine inflicting upon him fatal injuries.

That a coal cutting machine is a dangerous device is not denied, and as stated above the main question urged at the argument was the sufficiency of the instruction, given deceased during the four and a half days he operated the appliance, which consisted of the machine boss visiting and remaining at the machine from fifteen to thirty minutes several times a day. Plaintiff offered to ask a witness who was experienced in the use of these machines, as to the danger incident to their operation and the extent of the instruction and training necessary to fit a person to operate one in safety and whether the instruction given the deceased in this case was sufficient to enable a man of ordinary intelligence to safely operate a cutter and also offered to prove that experience shows that the usual time required to properly train and qualify a miner in the use of such devices is from five to six months. Objections to these questions, which were put in various forms as indicated by the first nine assignments of error, were sustained by the court. The correctness of these rulings constitutes the main question for review.

There is no doubt as to the duty of a master to instruct an inexperienced employee in the use of dangerous machinery. This is a personal duty from which nothing but performance can relieve him. And if the duty is delegated to another the master still remains responsible for its proper performance by such person: Lebbering v. Struthers Wells & Co., 157 Pa. 312. On the other hand, this obligation does not require the master to warn against such dangers as are open and apparent to the ordinary observer and the subject of common knowledge: Cracraft v. Bessemer Limestone Co., 210 Pa. 15. That a saw or a sharp knife will cut is so apparent to any one that no instruction to that effect is necessary. But between these extremes there necessarily arise many cases which are near the border line where it is difficult to determine to which class they belong. In the present case the ruling of the trial judge had the effect of excluding evidence bearing on the very point which he held was insufficiently proven,—to wit: the necessity of further instruction to enable deceased to properly operate the machine and avoid its dangers. Deceased worked but a few days as an operator on the machine and it was of the first importance to ascertain whether the instruction given him was sufficient under all the circumstances. In determining this question the testimony of persons experienced in the use of such coal mining devices would obviously aid both court and jury in determining the amount of instruction required to train the ordinary man in its proper and safe operation. If it be true, as was stated in the offer contained in the ninth assignment of error, that experience shows the necessary time to properly qualify a miner to safely and properly use the machine in question to be from five to six months, then it is clear the instruction given deceased in this case was wholly inadequate. The testimony offered was certainly relevant and useful in determining whether or not sufficient instruction was given and it was error to exclude it.

As to the further contention, that the danger was open and obvious and therefore no instruction was necessary, we do not agree. While the machine was a dangerous device the situation was not so clear as to warrant the conclusion of negligence on the part of deceased as a matter of law. Although it is true he is bound to know that contact with the cutter would result in injury, the question still remains whether or not the instruction as to the use of the machine was adequate to properly inform him of the safest method of handling it under all circumstances and whether he was sufficiently informed of the fact that the machine should have been stopped before he undertook the work which he was doing at the time of the accident.

Under all the circumstances we think the excluded evidence should have been admitted and the case submitted to the jury with proper explanation by the trial judge as to the respective rights and duties of both the deceased and his employer.

Judgment reversed and a procedendo awarded.