## Faulks, Appellant, v. Fischer.

Argued April 11, 1944. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Hughes, JJ.

486

*Edwin Fischer*, with him *Edward F. Hitchcock*, for appellant.

*Thomas E. Comber, Jr.*, for appellee.

PER CURIAM, May 22, 1944:

Much of the testimony offered by plaintiff in this case was improperly excluded by the learned trial judge, but even had it been admitted the record as thus supplemented would not justify the imposition of liability on defendant; therefore the compulsory non-suit entered by the court must be sustained.

Plaintiff, aged 54 years, had been a cook ever since she was 15 years old. She was employed in that capacity in the household of defendant, Helene K. Fischer. She started to work there about a year before the accident which is the basis of the present suit and which occurred on October 3, 1936. When she first entered the service of defendant she was instructed by her to "use the fats that was skimmed from the soups to do the cooking." She told defendant "I was not in the habit of using this fat from the soups," but defendant said "I would have to use that, because they used no other fats but that fat from the soups and the roasts." Plaintiff cooked the soups but defendant herself skimmed the fats, putting them in crocks which were kept standing on an apron of the stove. On the occasion in question plaintiff "poured" the fat, which she testified was "always a fluid", from one of these crocks into the frying pan; immediately there was an "explosion" and the grease splashed in her face, causing eventually—so she claims— the loss of sight in one eye and an impairment of vision in the other. At the trial she offered to produce a chemist familiar with the rendering of fats who would testify that if fat containing more than one half of one percent of water is used in cooking it will explode when put in the pan and that only in that manner could this explosion have occurred. It is plaintiff's contention that

because she told defendant she was not "in the habit of using this fat from the soups" defendant should either have rendered the fat herself or instructed plaintiff that it was necessary to do so before using it.

The rule that an employer must warn his employe of any dangers to which he will be exposed is applicable only if the employer himself has or should have knowledge of such dangers, if the employe is ignorant thereof, and if they are not the subject of common knowledge or patent to a person of his apparent intelligence and experience: *Wagner v. Jayne Chemical Co.,* 147 Pa. 475, 479, 23 A. 772, 773; *Corcoran v. Wanamaker,* 185 Pa. 496, 39 A. 1108; *Purdy v. Westinghouse Electric & Manufacturing Co.,* 197 Pa. 257, 260, 47 A. 237, 238; *Roszina v. Howard Gas Coal Co.,* 251 Pa. 298, 302, 96 A. 716, 717; *Baumgartner v. Pennsylvania R. R. Co.,* 292 Pa. 106, 110, 111, 140 A. 622, 624; *Rice v. Kring,* 310 Pa. 550, 555, 165 A. 833, 835. There is nothing in the present record to indicate that defendant had any special knowledge in regard to the necessity of rendering fat in order to clarify it and eliminate the water, or that she herself had ever done any cooking; indeed in engaging a professional cook she was justified in assuming that the latter had technical knowledge and training in the culinary art superior to her own and was fully acquainted with the ordinary properties of fat and its preparation for use in cooking. While plaintiff told defendant she was not in the *habit* of using fat from the soups it is not pretended that she had never, or not occasionally, used fat derived from such a source or any other fats which required rendering; moreover, during the course of the whole year in which she worked for defendant she must have regularly cooked with fat skimmed from the soups and thus had ample opportunity to become conversant with whatever dangers were involved in its use. Thus the circumstances and conditions which require an employer to warn his employe against perils likely to be met in the course of the

employment did not here exist and, although the accident was most unfortunate, defendant cannot be held responsible for its occurrence.

Order affirmed.