Gilkes, Appellant, *v.* Levinson.

Argued March 16, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Marshall J. Conn*, with him *Kalman A. Goldring* and *Tice F. Ryan, Jr.*, for appellant.

*Charles Kirshner*, with him *Rosenberg & Kirshner*, for appellee.

OPINION BY MR. JUSTICE EAGEN, April 19, 1966:

In the trial of this personal injury action, the jury awarded plaintiff a substantial verdict. Subsequently, the court en banc entered judgment for the defendant non obstante veredicto. The plaintiff appeals.

Viewed in the light most favorable to plaintiff's cause, the record discloses the following:

Plaintiff, an unskilled worker, was employed by the defendant and her late husband to serve as a handy man around their home. His duties included gardening and attending to the grounds and lawn. On the day in question, he was seriously injured when he slipped and fell about twenty-five feet from an unattended extension ladder placed against a tree on the property. At the time he was using a power saw, two feet long and twelve pounds in weight, to cut a dead limb from the tree. Plaintiff himself describes the occurrence in the following words: "I leaned against the ladder. I put my weight against the ladder and pulled the trigger and the saw started going through the limb, and it got through the limb and was getting close to all the way through the limb, I changed the position of the saw and pulled the trigger and the saw made a jerk forward and pulled the ladder forward, and the ladder snapped back and slipped off the tree, and I came down."

The tree pruning was done at the instance of the defendant, and the ladder and saw were supplied by her with repeated assurances that they were safe for use in the work intended. It is admitted that both were free from any mechanical or structural defects. It also appears that the method used in arranging and fortifying the ladder against the tree was of plaintiff's own choosing. Likewise, it was his own decision to ascend the ladder without the use of ropes or other safeguarding device.

It is the contention of the plaintiff that the use of a heavy power saw at such a height on the unattended ladder was dangerous, and that the defendant was negligent in directing that the work be pursued with such equipment and without giving notice of the danger involved or providing manual assistance to protect his safety, particularly in view of plaintiff's known lack of experience in tree pruning.

We agree with the ruling of the court below and will affirm the judgment.

As noted before, the equipment involved was admittedly faultless. There was no evidence that its use for the purpose concerned was improper or wrong in itself. Absent also was any proof or contention that the saw or ladder acted improperly or even in an unusual manner. Under such facts, the mere supplying of the equipment for the use intended did not constitute negligence. The situation is not governed by §392 of the Restatement 2d, Torts (1965)[1] as plaintiff contends. Further the case of *Labick v. Vicker*, 200 Pa. Superior Ct. 111, 186 A. 2d 874 (1962), where the injury was caused by a *structurally defective* ladder is not apposite.

Nor was liability established by proof that the defendant failed to warn plaintiff of the hazard involved, and failed to provide assistance of another person to help keep the ladder secured to the tree. An employer is duty bound to warn an employee of dangers to which he will be exposed only if the employer himself has or should have knowledge of such dangers, and if the employee is ignorant thereof, and if they are not the

---

[1] In pertinent part, §392 provides that a supplier of a chattel is liable: "(a) if the supplier fails to exercise reasonable care to make the chattel safe for the use for which it is supplied, or (b) if he fails to exercise reasonable care to discover its dangerous condition or character, and to inform those whom he should expect to use it."

subject of common knowledge or patent to a person of his apparent knowledge and experience: *Faulks v. Fischer*, 349 Pa. 485, 37 A. 2d 574 (1944). In view of the record facts as to plaintiff's background and past experience, it is incomprehensible that he was not fully cognizant of the danger incident to the specific manner in which he himself chose to carry out the work. As to the failure to provide additional help in doing the pruning, assuming such a duty existed, it is clear from plaintiff's own testimony that this was not the proximate cause of the accident.

In view of the above, we need not reach the question of whether or not plaintiff assumed the risk.

Judgment affirmed.