Frederick Hudson **GASKINS**

v.

William B. **TARPLEY**, Appellant in No. 19398, et al.,

v.

**AEROPROJECTS INCORPORATED.**

Appeal of Charles Dana **McKINNEY**, Jr.

Nos. 19398, 19399.

United States Court of Appeals, Third Circuit.

Argued Jan. 17, 1972.

Decided Feb. 16, 1972.

Perry S. Bechtle, Cohen, Shapiro, Berger, Polisher & Cohen, Philadelphia, Pa., for appellants.

Bernard Edelson, Caine, DiPasqua, Edelson & Patterson, Media, Pa. (B. Nathaniel Richter, Kenneth Syken, Richter, Syken, Ross & Binder, Philadelphia, Pa., on the brief), for appellee.

Before ADAMS and ROSEN, Circuit Judges and STAPLETON, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Plaintiff, Frederick Gaskins, was seriously injured when, during the process of transferring gelled rocket propellant from smaller to larger containers for the purpose of shipping it to a rocket test

facility, a violent explosion occurred. At the time of the accident, Mr. Gaskins was employed by Aeroprojects, Inc. as a scientist. He sued two of his immediate supervisors, alleging their negligence and their failure to warn him of the dangers inherent in the transfer process as the causes of his injury. He additionally named the United States as a defendant under the Federal Tort Claims Act, averring that the United States was in exclusive control of the project and that the negligence of Gaskins' supervisors was covered by the Act.[1] The matter proceeded to trial, and the jury returned a verdict of $180,000 in favor of the plaintiff, and against the defendants, Messrs. Tarpley and McKinney. It is from the judgment entered pursuant to the jury verdict that the defendants appeal.

In support of their contention that the judgment should be reversed, defendants first argue that Gaskins' suit against them should have been dismissed because of a lack of diversity of citizenship.[2] It was undisputed that Mr. Tarpley, at the time the suit was commenced, was a citizen of Pennsylvania, and that Mr. McKinney was a citizen of Delaware. The dispute here centers on the question of plaintiff's residence at the time he filed suit. By agreement of the parties, the issue of jurisdiction was tried separately to the judge, outside the hearing of the jury, during the main trial. Based on the testimony adduced, the District Court found that Gaskins was a resident of New Jersey at the time suit was commenced, and that, therefore, diversity jurisdiction existed.

In considering the propriety of the ruling, we are constrained by F.R.Civ.P. 52, which states in part: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." After a careful review of the testimony and the inferences which may be drawn therefrom, it is apparent that the District Court's finding regarding plaintiff's New Jersey citizenship was supported by the record and not clearly erroneous.

■ Defendants next argue that they are entitled to judgment n. o. v. because Gaskins failed to prove that they owed him a duty or that they breached the duty if it arose. The proposition is too well settled to require citation that when a court considers a motion for judgment n. o. v., it views all the evidence and inferences in the light most favorable to the party opposing the motion, in this instance, the plaintiff, Gaskins. At issue here was the defendants' duty to warn plaintiff of the danger involved with the transfer process, and both sides concede that the duty does not arise where (1) the danger is as obvious to the person to be warned as to the one giving the warning, (2) one in the exercise of reasonable care should recognize the danger, or (3) the person having the duty to warn reasonably believes the warning to be unnecessary under the circumstances. *See e. g.*, Gilkes v. Levinson, 421 Pa. 128, 218 A.2d 722, 724 (1966); Faulks v. Fischer, 349 Pa. 485, 37 A.2d 574, 575 (1944). The evidence presented was sufficient for the jury to have rationally concluded that plaintiff had established the duty owed him by the defendants, and that the defendants breached that duty.

■ Two other contentions advanced by the defendants—that plaintiff assumed the risk and that the charge on negligence was erroneous—are closely related to the one dealing with the duty

---

1. The United States named Aeroprojects, Inc., Gaskins, employer, as a third-party defendant. Because judgment was entered in the District Court in favor of the United States, and plaintiff does not cross appeal from that decision, neither the United States nor Aeroprojects, Inc., is a party to this appeal.

2. 28 U.S.C. § 1332(a) states in part: "The district courts shall have original jurisdiction of all civil actions . . . between (1) citizens of different States. . . . ."

to warn. In Pennsylvania, necessary to application of the doctrine of assumption of risk is the concept that the employee knew or should have known of the risk involved. Pritchard v. Liggett & Myers Tobacco Co., 350 F.2d 479 (3d Cir. 1965). When the jury concluded that defendants had a duty to warn plaintiff, it implicitly determined that Gaskins, in the exercise of reasonable care, would not recognize the danger. Thus, absent knowledge of the danger, Gaskins could not have assumed the risk. *Cf*. Guerierro v. Reading Co., 346 Pa. 187, 29 A.2d 510 (1943).

■ The defendants argue that the charge on negligence was improper because it failed to take into account plaintiff's knowledge of the risk. The judge carefully instructed the jury not to single out one particular portion of the charge, but to consider the charge as a whole. While the specific paragraph in which the District Court discussed the duty to warn contains no mention of plaintiff's knowledge, the charge as a whole certainly apprised the jury of the importance to the resolution of the case of plaintiff's knowledge of the risk.

■ Defendants further assert that they were prejudiced when plaintiff propounded a question tending to show that the transfer procedure, by which plaintiff moved the propellant from smaller to larger containers, could have been accomplished by remote control manipulators. In general, evidence of subsequent repairs—manipulators were installed after the accident occurred—is not admissible to show prior negligence. Hyndman v. Pennsylvania R.R. Co., 396 Pa. 190, 152 A.2d 251 (1959). In this instance, three factors point to the lack of prejudice caused by the question: (1) the District Court ordered the question stricken from the record and immediately gave the jury a cautionary instruction; (2) the question was asked by plaintiff on cross-examination in response to direct testimony given by the

defendants' witness indicating that use of manipulators was not feasible; and (3) the court, in its charge, informed the jury that any reference to the installation of manipulators was to be considered only with regard to the feasibility of their installation. Consequently, the defendants were not prejudiced sufficiently to require a new trial.

■ Defendants' next contention goes to the qualifications of plaintiff's expert witnesses and the relevance of their testimony. Both the experts were eminently qualified scientists, and their testimony was sufficient to demonstrate expertise with regard to the particular type of chemicals being utilized in the testing at Aeroprojects, Inc. Furthermore, their opinions concerning the proper methods for handling these potentially explosive materials were relevant to the question of the defendants' duty to warn the plaintiff in that the experts had told the defendants prior to the accident of the dangerous nature of the subject matter.

■ The defendants also object to certain exhibits being admitted into evidence and going out with the jury during its deliberation. The exhibits consisted of trip reports and memoranda relating to the activities of the defendants subsequent to the accident. They were introduced for the purpose of showing the actual control by the defendants over the project and were, therefore, relevant. Additionally, they were not of such nature to constitute reversible error.

Finally, we are presented with the claim that plaintiff's proof failed to make out a cause of action by a fair preponderance of the evidence. After close scrutiny of the record, we conclude that plaintiff demonstrated by a preponderance of the evidence a duty owed him by the defendants, a breach of that duty, and an injury to himself proximately caused by the breach of the duty.

Accordingly, the judgment of the District Court will be affirmed.