**ENNIA SCHADEVERZEKERING, N.V., Plaintiff,**

v.

**Anne JOHNSTON and Arthur Johnston d/b/a Treasure Harbor Sailing Yachts, Defendants.**

**No. 84–2673–Civ.**

United States District Court, S.D. Florida, Miami Division.

Nov. 12, 1986.

Weaver, Weaver & Lardin, Ft. Lauderdale, Fla., for plaintiff.

James Mattson, Key Largo, Fla., for defendants.

ORDER DENYING MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, ALTERNATIVELY, FOR NEW TRIAL

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the Court on the motion of the defendants, Anne Johnston and Arthur Johnston, for judgment notwithstanding the verdict or, alternatively, for new trial. This is a subrogation action brought by the insurer of a yacht against the insured's charter agent, alleging negligence and breach of an oral agency contract in the procurement of the yacht's last known charterer. The yacht (the Pegasus) never returned from that charter and is presumed stolen. A jury found the Johnstons liable to the plaintiff in the amount of $100,000. Final judgment in that amount was entered September 23, 1986.

## I. MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

The Johnstons move this Court to enter judgment notwithstanding the verdict on the grounds that the evidence adduced at trial was insufficient to support the jury's finding that the defendants negligently caused damage to the plaintiff.

The Court finds there was sufficient evidence to support the jury's verdict. Evidence was adduced at trial that in arranging the final charter of the Pegasus, the Johnstons obtained minimal information about the charterer and that little or nothing was done to verify the information obtained. Evidence presented also showed that the charterer arrived by bus with one other person; brought only one bag of groceries, though the charter was to be for one week for four persons; and brought only so much equipment as would fit in one small duffle bag. Additionally, evidence presented showed that all phone calls from the charterer to the Johnstons were made by pay phone, and payment for the charter was made by cashier's check and traveler's checks. Consequently, there was no avenue for follow-up after the Pegasus disappeared.

On a motion for judgment notwithstanding the verdict, the Court must examine the whole record in the light most favorable to the non-moving party and should grant the motion only if it appears that reasonable persons could not arrive at the verdict reached by the jury. *Vicksburg Furniture Manufacturing, Ltd. v. Aetna Casualty and Surety Co.*, 625 F.2d 1167, 1171 (5th Cir.1980); *Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir.1969) (en banc). As the parties stipulated before trial, under Florida law, an agent breaches its oral agency contract when it fails to exercise the degree of skill, care and diligence ordi-

narily and reasonably demanded considering the nature of the undertaking and the time, place and circumstances. *Jones v. Central National Bank and Trust Co.,* 148 So.2d 765, 768 (Fla.1933). Anne and Arthur Johnston tried to show they had met this standard by presenting evidence to justify each element of their allegedly negligent behavior, and by showing their actions were consistent with industry custom. Compliance with industry standards is not conclusive proof of due care. *Atlantic Coast Line R. Co. v. Webb,* 112 Fla. 449, 150 So. 741 (1933).

Viewing the evidence in the light most favorable to Ennia Schadeverzekering, N.V., a reasonable person could have concluded that the Johnstons breached their duty to the plaintiff's assured by negligently performing their duties as agents. Therefore, it would be improper to grant the defendants' motion for judgment notwithstanding the verdict.

## II. MOTION FOR NEW TRIAL

The Johnstons assert two grounds to support their motion for new trial: 1) There is newly discovered evidence, and 2) The Court erred in excluding certain testimony.

### A. *Newly Discovered Evidence*

The Johnstons first argue for a new trial on the basis that Ennia Schadeverzekering, N.V., wrongfully withheld from them a photograph that later led to the discover of important, additional evidence after trial. The photograph in question was taken by a bank in Sarasota, Florida, of a man who identified himself as Mark Morris. The last known charterer of the Pegasus identified himself as Mark Morris and listed the Sarasota bank as a reference on the qualifier he filled out for the Johnstons, and the Johnstons have identified the man in the photograph as the charterer.

There is no evidence that the plaintiff wrongfully withheld the photograph. The Johnstons state in their motion that they do not know if the plaintiff acted in bad faith, and Ennia Schadeverzekering, N.V.'s re-

sponse indicates that there was no wrongdoing on its part. Moreover, as will be discussed at greater length below, discovery of the new evidence was not dependent on possession or knowledge of the bank photograph.

The newly discovered evidence that the Johnstons claim necessitates a new trial is: 1) the identification of the purported thief as Ernest Edward Morris; 2) the fact that the thief may have possessed a driver's license in his own name; and 3) the fact that the thief lived two blocks from the owner of the Pegasus for two years.

 *1. Due diligence.* A new trial can be granted on the basis of newly discovered evidence only when the movant shows it exercised due diligence before trial or such diligence can be inferred. *Ag Pro, Inc. v. Sakraida,* 512 F.2d 141, 143 (5th Cir.1975). Here, the identity of Ernest Edward Morris could have been discovered by the defendants prior to trial if they had made a diligent effort to do so. Anne Johnston actually had in her possession a slide photograph described to her as a picture of "Ed Morris," who an acquaintance described to her as an undesirable person who might have been involved in the disappearance of the Pegasus. That photograph was provided to Anne Johnston in late 1983, and she turned it over to the Sheriff's Department for use in investigating the disappearance of the Pegasus. Mrs. Johnston said she never viewed the photograph due to lack of the proper equipment.

Despite the suggestion to the contrary in the defendants' motion, the affidavit of Anne Johnston makes it quite clear that the bank photograph did not spark the identification of the purported thief. Discovery of the new evidence was not dependent on the photograph. Rather, Anne and Arthur Johnston sat down after the trial and remembered the conversation described above about Ed Morris and the slide photograph. On the basis of that remembered conversation, the Johnstons contacted Ernest Edward Morris's former mother-in-law, obtained a photograph of

him, and identified him as the last charterer of the Pegasus. The new evidence which the Johnstons say necessitates a new trial was discovered by simply tracking down a lead that the defendants had considered unimportant prior to the adverse verdict in this case.

■ *2. Probability of different result.* Moreover, a new trial should not be granted unless introduction of the new evidence would probably produce a different result. *Ag Pro, Inc. v. Sakraida,* 512 F.2d 141, 143 (5th Cir.1975). The evidence put forth by the defendants in their motion would not likely result in a different verdict.

Defendants base their argument that a different verdict would result on the assumption that inferences favorable to them would arise from the newly discovered evidence. The first inference the Johnstons suggest is that Ernest Edward Morris presented his own driver's license to Anne Johnston upon chartering the Pegasus. The Johnstons argue that this inference arises from the fact that though Ernest Edward Morris's license had been suspended, it had not been surrendered to the State of Florida. (Evidence adduced at trial showed that a driver's license belonging to a Mark Morris of Delray Beach was lost or stolen in the Florida Keys about one month before the Pegasus charter, permitting the inference that the charterer presented the Mark Morris license to Anne Johnston.) For the fact finder to infer that Anne Johnston saw the Ernest Edward Morris license, a number of assumptions would need to be made.

First, the fact finder would have to assume that Ernest Edward Morris was in possession of his driver's license at the time of the charter. Additionally, the fact finder would need to assume that though Anne Johnston was presented with a license for the purpose of identification, she did not question the fact that the name appearing on the license did not correspond to the name provided by the person standing before her. Further, it would have to be assumed that Anne Johnston did not record the charterer's full name, as it appeared on his driver's license. Finally, the fact finder would have to assume that Anne Johnston forgot the charterer's full name as it appeared on his driver's license, for she did not recall it even when an acquaintance suggested that an Ed Morris might have been involved in the theft.

Even if the fact finder made all of these tenuous assumptions, it seems unlikely that the result in the case would change. The Johnstons believe that the factor the jury relied most heavily on in this case was the inference that the Mark Morris license was presented to Anne Johnston, and she did not note the dissimilarity in appearance between the man pictured on the license and the charterer. A jury might well find, however, that Anne Johnston was negligent in disregarding the difference in names between the Ernest Edward Morris driver's license and the charterer, and failing even to make a note of it in her records. Moreover, the "new evidence" would be consistent with testimony given at trial. When presented with the driver's license picture of Mark Morris of Delray Beach, Mrs. Johnston testified that she was not shown that driver's license by the charterer. Instead, she said she was given a driver's license bearing a photograph of the charterer.

The second inference argued for by the defendants is that because Ernest Edward Morris lived two blocks from the owner of the Pegasus, the two of them could have conspired to arrange the disappearance of the yacht. Again, the inference argued for requires the finder of fact to make an unsupported assumption. The fact finder must assume, without proof, that the charterer and the owner had met. The inference that the two individuals conspired to arrange the disappearance of the Pegasus is entirely speculative and unsupported by proof. The Court cannot conclude that introduction of evidence of the addresses of the charterer and the owner would result in a different result in this case.

### B. Error in Conduct of the Trial

 The Johnstons claim that the Court erroneously sustained the plaintiff's objection to introduction of specific testimony by the defendants' witness, Michael Van Ost. The Court maintains that the ruling at issue was proper, and it was correct to exclude the testimony.

Even if the ruling was erroneous, however, the error would not necessitate a new trial. Defendants attempted to question Mr. Van Ost, on redirect examination, about corroboration of information provided by potential charterers prior to vessel charters. Another witness testified about the customs of charter agencies regarding the verification of information and investigation of potential charterers, and concluded that the Johnstons met or exceeded industry standards. Consequently, the testimony the defendants sought to elicit from Mr. Van Ost would have been cumulative. An error in excluding Mr. Van Ost's testimony would not have prejudiced the defendants sufficiently to require a new trial. *Gaskins v. Tarpley,* 456 F.2d 1149 (3d Cir. 1972).

### III. MOTION TO STRIKE AFFIDAVIT AND CERTIFIED STATEMENT

After the Johnstons filed their motion for judgment notwithstanding the verdict or for new trial, Ennia Schadeverzekering, N.V., filed a motion to strike the supporting affidavit of James Mattson and certified statement of Alan Cochran. The Court need not address this issue, because the defendants failed to meet the standards for judgment notwithstanding the verdict or new trial even when the contested affidavit and certified statement were considered.

Accordingly, upon defendants' motion and upon the Court being fully advised, it is

ORDERED AND ADJUDGED that the motion for judgment notwithstanding the verdict or, alternatively, for new trial be, and the same is, DENIED.