983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael J. LOGAN, Plaintiff-Appellant,
v.
G.A.B. BUSINESS SERVICE; Al Schnabel; Charles F. Matesich;
Rockwood Insurance Company, Defendants-Appellees,
Miro Sankovich, Third Party Defendant-Appellee.
 No. 92-3484.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael J. Logan, an Ohio resident, appeals through counsel the entry of summary judgment against him by the district court in this diversity personal injury action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have also waived oral argument.
 
 
 2
 Logan brought this action seeking declaratory and monetary relief and attorney fees from the defendants, residents of Pennsylvania, after being seriously injured while working on a construction job in that state. The district court granted the defendants' motions for summary judgment. On appeal, Logan challenges only the judgment for defendant Matesich, the owner of the property on which Logan was working. The other claims have been abandoned, and therefore will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 3
 Upon review, it is concluded that the summary judgment for defendant Matesich was proper, as there is no genuine issue of material fact, and he is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The district court properly applied Pennsylvania law in finding that the employer of an independent contractor has no duty to warn the contractor or his employees of a condition that is at least as obvious to them as it is to him, or to protect them from risks connected with defects or hazards which the contractor has undertaken to repair. See Mentzer v. Ognibene, 597 A.2d 604, 612 (Pa.Super.Ct.1991), appeal denied, 609 A.2d 168 (Pa.1992) (Table) (quoting Colloi v. Philadelphia Electric Co., 481 A.2d 616, 619-20 (Pa.Super.Ct.1984)).
 
 
 4
 Logan argues that the district court misconstrued the employment relationship in this case. He contends that he was a direct employee of the property owner, Matesich, rather than an employee of an independent contractor. Even assuming that this argument were correct, the outcome of the case would not change. The district court properly found that there was no evidence that the owner issued instructions or exercised control over the manner of work, and therefore he would not be liable to Logan whether he was his employee or an employee of the independent contractor. See Sharkey v. Airco, Inc., 522 F.Supp. 646, 655 (E.D.Pa.1981), aff'd, 688 F.2d 824 (3d Cir.1992) (Table). Moreover, an employer need not warn an employee of dangers which are common knowledge or patent to an employee of his knowledge and experience. Gilkes v. Levinson, 218 A.2d 722, 724 (Pa.1966).
 
 
 5
 Accordingly, the district court's judgment is affirmed in all respects. Rule 9(b)(3), Rules of the Sixth Circuit.